# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS
# CENTRAL DIVISION

| | |
|---|---|
| In re | ) |
| | ) Chapter 7 |
| MARTIN LEVY OF BERLIN | ) Case No. 06-40463-HJB |
| D.M.D., P.C., | ) |
| | ) |
| Debtor. | ) |
| | ) |
| JANICE G. MARSH, | ) |
| Chapter 7 Trustee, | ) |
| | ) |
| Plaintiff | ) |
| v. | ) Adversary Proceeding |
| | ) No. 08-4111 |
| MARTIN LEVY, | ) |
| JEFFREY S. FORGOSH and | ) |
| CREATIVE DENTAL | ) |
| ASSOCIATES OF BERLIN, P.C., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OF DECISION

Before the Court is the "Motion of Defendant Jeffrey Forgosh, DMD to Dismiss Adversary Complaint" (the "Motion to Dismiss") as well as defendants Martin Levy and Creative Dental Associates of Berlin, P.C.'s "Motion for Joinder." Through their motions, co-defendants Jeffrey S. Forgosh ("Forgosh"), Martin Levy ("Levy"), and Creative Dental

-1-

Associates of Berlin, P.C. ("Creative Dental")[1] seek dismissal of the instant adversary proceeding pursuant to Fed. R. Civ. P. 12(b)(6), made applicable through Fed. R. Bankr. P. 7012(b). They contend that the Court acted without authority when it granted the Chapter 7 trustee's request for an extension of the deadline set forth by 11 U.S.C. § 546(a)[2] and, accordingly, this adversary proceeding, filed more than two (2) years after the commencement of this bankruptcy case, must be dismissed as untimely.

I.    **<u>FACTS AND TRAVEL OF THE CASE</u>**

Martin Levy of Berlin, D.M.D., P.C. (the "Debtor"), owned and operated by its principal Levy, filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on March 31, 2006. Janice G. Marsh (the "Trustee") was appointed Chapter 7 trustee on or about April 3, 2006.

Although this adversary proceeding now comes before the Court on a procedural dispute, the Court pauses briefly to provide context. According to the Trustee's Complaint (the "Complaint"), on May 1, 1995, Levy, in his individual capacity, executed a promissory note, payable to Forgosh in his individual capacity, in the principal amount of $41,000, and on even date, on behalf of the Debtor, guaranteed that obligation and secured the Debtor's guaranty with the grant of a security interest covering all of the Debtor's personal property. Approximately eleven (11) years later, on March 28, 2006, Forgosh foreclosed on that

---

[1] Levy is the president, treasurer, secretary and director of both Creative Dental and Martin Levy of Berlin, D.M.D., P.C.

[2] Unless otherwise noted, all references to the "Bankruptcy Code," the "Code" or to statutory sections herein are to Title 11 of the United States Code, 11 U.S.C. §§ 101, <u>et seq.</u>, and all references to "Bankruptcy Rule" are to the Federal Rules of Bankruptcy Procedure.

-2-

security interest and purchased, at auction, all of the Debtor's assets with a credit bid of $15,000. One day later, on March 29, 2006, Forgosh "licensed" the Debtor's equipment and materials to Levy and his newly formed company, Creative Dental, for the sum of $1.00.

The Trustee contends that the value of the Debtor's personal property, when purchased at auction by Forgosh, was approximately $49,000. She also contends that the original promissory note given to Forgosh in 1995 was never funded, and that the Debtor received no consideration for its guaranty of the illusory obligation or for the auction of its assets.

Shortly after the Debtor's Section 341 meeting, originally conducted on May 1, 2006 but continued to and concluded on June 8, 2006, the Trustee commenced her investigation relative to the Debtor's prepetition financial affairs, which, as a matter of course, necessitated a review of the relevant documents and other financial information. She received little cooperation in that regard from Levy and Forgosh. By September 8, 2006, the Trustee was forced to file a motion seeking an order from the Court compelling the production of certain requested documents (her "First Motion to Compel").[3] Originally scheduled for September 19, 2006, the hearing on the First Motion to Compel was continued at the request of Debtor's counsel - though assented-to by the Trustee. A

---

[3] Documents then requested included lists of accounts receivable, patient lists with associated patient addresses and insurance information, copies of bills, invoices and tax returns, bank statements, copies of any agreement or documents related to any loan between Forgosh and Levy or between Forgosh and the Debtor, any partnership agreement between Forgosh and Levy, a list of all property sold at the March 28, 2006 auction, lists of property transferred from the Debtor to Forgosh and Levy or Creative Dental, collections correspondence, and insurance information of the Debtor.

hearing on the First Motion to Compel was held on January 18, 2007 and the motion granted with a strong verbal warning from the bench to Debtor's counsel - intended to be passed along to Levy - regarding the importance of complying with the Trustee's requests and the potential consequences of failing to do so.  On March 5, 2007, the Trustee moved for leave to conduct a 2004 examination of the Debtor and Levy as the Debtor's sole officer and shareholder.  She alleged that the information she had received up to that time was "vague, ambiguous, incomplete and otherwise unresponsive."  On March 19, 2007, that motion was granted.

After numerous postponements, Levy was finally examined by the Trustee on November 8, 2007.  At his examination, Levy testified that the requested list of patients with their respective insurance companies (the "Patient List") which the Court had ordered produced in its January 18, 2007 order, was not in his possession and would take years to produce.

The Trustee responded on December 3, 2007 with a motion seeking an order of contempt and sanctions against Levy (the "Motion for Contempt").  Responding to the Motion for Contempt, Levy claimed that compliance with the Trustee's request for additional information was impossible on account of financial hardship.  At the January 4, 2008 hearing on the motion, the Court stated that it would grant the Trustee's request finding Levy in contempt and order Levy to provide the Patient List,[4] but failed thereafter to enter

---

[4] As the Court clearly explained:

... I entered an order, just about a year ago now, ordering the Debtor to compile this list.  And ... the Debtor apparently dragged his feet and didn't do it.  Now, there's a response to the Motion for Contempt that says ... well, he doesn't have the resources to review the files and prepare the returns in the manner that the Trustee

the requested order. The Trustee took no steps to alert the Court that the order had not yet been entered.

On March 6, 2008, the Trustee filed a second motion to compel turnover and for sanctions against Forgosh and Levy (the "Second Motion to Compel"), citing the failure to provide certain requested information and the specific failure of Levy to respond or provide the Patient List as had been requested in the First Motion to Compel and ordered by the Court, albeit orally, at the January 4, 2008 hearing on the Motion for Contempt. The Second Motion to Compel was not accompanied by a request for expedited determination and was set to be heard on April 18, 2008.

In the interim, however, on March 27, 2008, four (4) days prior to the two (2) year statutory deadline set forth in § 546(a), the Trustee filed a "Motion to Extend Deadlines Pursuant to 11 U.S.C. Section 546(a)" (the "Motion to Extend"), requesting an extension until June 30, 2008 to preserve her right to bring "one or more actions or proceedings." In support of her extension request, the Trustee referenced the upcoming April 18, 2008 hearing and the effort to receive further information from Forgosh and Levy. The Motion to Extend was served upon Levy, Forgosh, and counsel of record to the Debtor and Forgosh. No objections to the Motion to Extend were filed, and, accordingly, on April 11, 2008, the Court entered the following order on the Motion to Extend:

> GRANTED. THE DEADLINE IS HEREBY EXTENDED TO JUNE 30, 2008.
> NO OBJECTIONS HAVE BEEN FILED.

---

has requested. And then there is something about his having retired and I am not quite sure how that is relevant. I issued that order a year ago and Levy is going to have to prepare that list ... and I am going to find him in contempt... .

-5-

In the months following the Court's April 11, 2008 order, the Trustee continued her quest for document and record turnover from Levy. On April 15, 2008, she filed an expedited motion to compel Levy to turn over the patient records of one Clarinha Pimentel to the patient's designated successor dentist (the "Third Motion to Compel"). Hearings on both the Second and Third Motions to Compel were held on April 18, 2008 along with a continued hearing on the Motion for Contempt. On May 22, 2008, the Court issued its order holding Levy in civil contempt of the Court's January 18, 2007 order requiring Levy to provide the Patient List to the Trustee, with daily monetary sanctions to commence on June 3, 2008. A continued hearing on the Motion for Contempt was set for June 24, 2008. And on May 23, 2008, the Court entered orders relating to the Second and Third Motions to Compel, requiring Levy to provide the information requested in those two (2) motions no later than June 3, 2008. On June 16, 2008, now apparently satisfied with the compliance originally sought, the Trustee filed a motion requesting that the June 24, 2008 continued hearing be canceled.

Approximately two (2) weeks later, and a day prior to the June 30, 2008 extended deadline, the Trustee filed the instant Complaint alleging four (4) counts against Forgosh, Levy and Creative Dental, respectively: fraudulent transfer pursuant to 11 U.S.C. § 548 against Forgosh and Levy and Creative Dental (Count I), conversion against Forgosh, Levy and Creative Dental (Count II), breach of fiduciary duty against Levy (Count III), and aiding and abetting Levy's breach of fiduciary duty against Forgosh (Count IV). Levy filed his answer and counterclaims, *pro se*, on July 28, 2008. On July 29, 2008, Forgosh filed the instant Motion to Dismiss contending that the adversary proceeding was untimely filed as outside the statute of limitations prescribed by 11 U.S.C. § 546(a)(1)(A) - that the Court

-6-

never had the authority to extend that date and therefore it was not extended and the Complaint was correspondingly untimely.

The Trustee subsequently objected to the Motion to Dismiss and also filed a motion to strike portions of Levy's *pro se* answer and counterclaims (the "First Motion to Strike"), seeking an order that Levy make more definite statements and comply with Fed. R. Civ. P. 10(b), made applicable to the proceeding by Fed. R. Bankr. P. 7010. On October 10, 2008, Levy filed a motion to amend his answer, a response to the Trustee's First Motion to Strike, and the instant Motion for Joinder seeking his and Creative Dental's inclusion in the Forgosh Motion to Dismiss. The Trustee similarly objected to the Motion for Joinder and sought to have it stricken as untimely under Fed. R. Civ. P. 7(a), applicable through Fed. R. Bankr. P. 7007 (the "Second Motion to Strike"), asserting that any motion to dismiss by Levy would be untimely since he had already filed an answer to the Complaint.

Subsequently, a hearing was held on all of the pending motions in the adversary proceeding - the Motion to Dismiss, the First and Second Motions to Strike, and the Motion for Joinder - together with a pre-trial conference on the Complaint.[5] At the conclusion of the hearing, the Court took both the Motion to Dismiss and Motion for Joinder (subsuming the Second Motion to Strike) under advisement. As for the First Motion to Strike and the pre-trial Conference, those matters were continued generally pending the outcome of the instant matters.

---

[5] Appearing at the October 15, 2008 hearings were Levy, Attorney Richard Gottlieb on behalf of Forgosh, and the Trustee. Although the Motion for Joinder filed by Levy was done so on behalf of both himself and Creative Dental, Levy stated at the hearing that he was representing himself.

## II.     **POSITIONS OF THE PARTIES**

**Forgosh:**  Forgosh's Motion to Dismiss is premised on his assertion that the Trustee's claims under 11 U.S.C. §§ 548 and 544 should be barred as untimely.  According to Forgosh, as stated by counsel at the October 15, 2008 hearing, it is "very clear" that the "only way" that a statute of limitations can be avoided is through timely suit commencement or by obtaining an express waiver, and Forgosh contends that he did not expressly waive or assent to the deadline extension.  He represents that the Trustee made no attempts to contact him or his attorney for the purposes of acquiring a waiver.  Further, Forgosh analogizes the factual circumstances surrounding the deadline extension here to situations where a defendant fails to plead an affirmative defense, and cites to courts that have ruled that the failure to raise a statute of limitations defense in the answer to a complaint does not constitute the waiver of that defense.

Forgosh also maintains that the presence of the deadline in the Bankruptcy Code, rather than the Federal Rules of Bankruptcy Procedure, is a difference that should accord the deadline a measure of gravity and that nothing in § 546(a), or elsewhere in the Code, provides the Court with the power to extend the deadline provided thereunder.  Applying the foregoing logic, Forgosh explains that no response was required to the Motion to Extend because the Trustee was seeking unavailable relief.  In his view, the Trustee can not rely upon the Court's order extending the deadline where the Court had no authority to issue that order in the first place.  In addition, Forgosh asserts that the Trustee presented no grounds for equitable estoppel or tolling in her Motion to Extend.  Instead, he contends

that the Trustee could have timely filed the Complaint and through discovery obtained the necessary information.

Although not argued in the motion itself but introduced at the hearing on the Motion to Dismiss and explained in his supplemental memorandum, Forgosh also questions the standing of the Trustee to pursue the state law claims set forth in the Complaint, particularly for breach of fiduciary duty and "aiding and abetting," claiming that such claims are typically reserved to individual shareholders or creditors.  However, he maintains that if the Trustee seeks to pursue the state claims under § 544 as a successor to creditors, then the state claims dependent on § 544 are similarly subject to the deadline set forth in § 546(a) and should also be dismissed.

**Levy and Creative Dental:**  Levy and Creative Dental's Motion for Joinder takes the position that the issues presented in the Forgosh Motion to Dismiss are also applicable to them, as the circumstances discussed in the Motion to Dismiss "arose out of the same transactions and occurrences and any questions of law are common to all the defendants." At the hearing on the Motion to Dismiss and related motions, Levy also asserted his belief that the Trustee has not been acting in good faith and had misrepresented facts to the Court.

**The Trustee:**  In response, the Trustee contends that the Court has discretion to extend the § 546 deadline upon a showing of good cause and maintains that the § 546(a) deadline can be waived.  The Trustee argues that the circumstances here - repeated failure to meet her requests and failure to comply with court orders - provided sufficient cause for extension of the deadline, and notes that, in addition to their failure to object, none of the

defendants subsequently moved to have the Court's order vacated, altered, or reconsidered and no appeal was taken.

The Trustee further maintains that only the avoidance action was subject to the extended § 546(a) statute of limitations and the other claims for relief are based upon Massachusetts state tort law and subject to a three (3) year statute of limitations under M.G.L. ch. 260 § 2A from the time in which the actions accrued. In her view, it is not 11 U.S.C. § 544 which applies, but rather 11 U.S.C. § 108(a), which addresses the applicability of nonbankruptcy state law statutes of limitations.[6] As Counts II, III and IV of the Complaint are tort causes of action based upon Massachusetts state law, and the accrual date of the causes of action are March 28 or 29, 2006, the Trustee maintains that she also timely filed her Complaint on those counts within the applicable statute of limitations.

Concerning Levy and Creative Dental's Motion for Joinder, the Trustee argues that because Levy has already filed his answer to the Complaint, he is now precluded from joining in the Motion to Dismiss under Fed. R. Civ. P. 12(b).

---

[6] 11 U.S.C. § 108(a) states:

> If applicable nonbankruptcy law, an order entered in a nonbankruptcy proceeding, or an agreement fixes a period within which the debtor may commence an action, and such period has not expired before the date of the filing of the petition, the trustee may commence such action only before the later of -
> (1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or
> (2) two years after the order for relief.

### III. DISCUSSION

As explained by the First Circuit Court of Appeals,

> It is a familiar principle that a complaint should be dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."

Gorski v. N.H. Dep't of Corr., 290 F.3d 466, 473 (1st Cir. 2002)(quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)).  Affirmative defenses, such as the statute of limitations, may be raised in a motion to dismiss under [Fed.R.Civ.P. 12(b)(6)] but "for dismissal to be allowed on the basis of an affirmative defense, the facts establishing the defense must be clear 'on the face of the plaintiff's pleadings.'" Blackstone Realty LLC v. FDIC, 244 F.3d 193, 197 (1st Cir. 2001)(quoting Aldahonda-Rivera v. Parke Davis & Co., 882 F.2d 590, 591 (1st Cir. 1989)).  Thus, granting a motion to dismiss based upon a statute of limitations defense is "entirely appropriate when the pleader's allegations leave no doubt that an asserted claim is time-barred."  LaChapelle v. Berkshire Life Ins. Co., 142 F.3d 507, 509 (1st Cir. 1998)(citing Street v. Vose, 936 F.2d 38, 39 (1st Cir. 1991); Kali Seafood, Inc. v. Howe Corp., 887 F.2d 7, 9 (1st Cir. 1989)).

Here, the defendants maintain that the Trustee's Complaint is time-barred by the statute of limitations set forth in 11 U.S.C. § 546(a) and that the Court acted without authority when it granted the Trustee's Motion to Extend.  Section 546(a) provides:

> An action or proceeding under section 544, 545, 547, 548, or 553 of this title may not be commenced after the earlier of -
>    (1) the later of-
>       (A) 2 years after the entry of the order for relief; or
>       (B) 1 year after the appointment or election of the first trustee under section 702, 1104,1202, or 1302 of this title if such period specified in subparagraph (A); or
>    (2) the time the case is closed or dismissed.

There has emerged a lopsided split on the issue of whether § 546(a) is a true statute of limitations (subject to extension by agreement, estoppel, tolling or waiver) or a statute of repose (an absolute bar on a plaintiff's ability to bring suit; sometimes referred to as the "jurisdictional approach").  A clear majority of courts hold that § 546(a) is a true statute of limitations and does not serve as a jurisdictional bar.  See e.g. IBT Int'l Inc. v. Northern (In re Int'l Admin. Serv., Inc.), 408 F.3d 689, 699 (11th Cir. 2005)("[A] bankruptcy court has the discretion to extend the filing period for an adversary proceeding" under § 546(a)); Pugh v. Brook (In re Pugh), 158 F.3d 530, 538 (11th Cir. 1998)(section 546(a) is a true statute of limitations that can be waived); McFarland v. Leyh (In the Matter of Tex. Gen. Petroleum Corp.), 52 F.3d 1330, 1337-38 (5th Cir. 1995)(statute of limitations under § 546(a) can be waived if not asserted in answer); In re Zwirn, 362 B.R. 536, 541 (Bankr. S.D.Fla. 2007)(the statute of limitations under § 546(a) can be waived); Brook v. Alphamed Pharm. Corp. (In re J & D Sci., Inc.), 335 B.R. 791, 797 (Bankr. M.D.Fla. 2006)(stating that the limitations period under § 546(a)(1) is a true statute of limitations and subject to the doctrines of waiver, equitable tolling and equitable estoppel); Moglia v. Inland Plywood Co. (In re Outboard Marine Corp. et al.), 299 B.R. 488, 496-97 (Bankr. N.D.Ill. 2003)(stating that "[t]he clear weight of recent authority bolsters the conclusion that § 546(a) is a true statute of limitations that can be extended by the parties, waived, or equitably tolled."); Commercial Fin. Serv., Inc. v. Temple (In re Commercial Fin. Serv. Inc.), 294 B.R. 164, 173-5 (Bankr. N.D.Okla. 2003)(ruling that the statute of limitations in § 546(a) may be voluntarily waived by the parties, applying logic from In re M & L Bus. Machs. Co. Inc., 75 F.3d 586 (10th Cir. 1996) which found that § 546(a) is subject to the doctrine of equitable tolling); Pryor v. Rodriguez (In re Rodriguez), 283 B.R. 112, 120 (Bankr. E.D.N.Y. 2001)(section 546(a) is

a statute of limitations which can be extended by agreement of the parties and is subject to equitable considerations); Iron-Oak Supply Corp. v. Nibco, Inc. (In re Iron-Oak Supply Corp.), 162 B.R. 301, 307 (Bankr. E.D.Cal. 1993)(rejecting "statute of repose" argument); Brandt v. Gelardi (In re Shape), 138 B.R. 334, 337 (Bankr. D. Me. 1992)(stating that § 546(a) is a true statute of limitations which may be extended by party agreement and is subject to equitable estoppel); and Lawrence P. King et al., Collier on Bankruptcy ¶ 546.02[4] (15th rev. ed. 2009)(noting that "if the defense is not timely asserted, a defendant may waive its statute of limitations defense under section 546(a).").[7]

    Indeed, courts have found such waivers in cases with fact patterns similar to those now before this Court. In Carr v. Klayman (In re Klayman), 228 B.R. 805, 807 (Bankr. M.D.Fla. 1999), that court ruled that the defense had been waived and "the Motion to Dismiss...not well taken" where a trustee filed her motion to extend the § 546(a) statute of limitations and the extension was granted without opposition *even after* the deadline had run. And similarly, in Frentz v. Stites & Harbison (In re Thermoview Indus., Inc.), where the trustee sought an extension of the § 546(a) deadline and no objections were made to the

---

[7] But see Starzynski v. Sequoia Forest Indus. (In re Starzynski), 72 F.3d 816, 822 (10th Cir. 1996)(questioning whether the deadline under § 546(a) can be extended); In re Calvanese, 169 B.R. 104, 113-14 (Bankr. E.D.Pa. 1994)(stating that § 546(a) is a statute of repose); Frascatore v. Secretary of HUD (In re Frascatore), 98 B.R. 710, 718 (Bankr. E.D.Pa. 1989)(same). Many courts subscribing to the "jurisdictional approach" of § 546(a) employ or adopt the reasoning of Martin v. First Nat'l Bank of Louisville (In re Butcher), 829 F.2d 596 (6th Cir. 1987), cert. denied, 484 U.S. 1078 (1988). See DiCello v. United States (In re Ry. Reorganization Estate, Inc.), 133 B.R. 578, 581 (Bankr. D.Del. 1991)(citing Butcher); Frascatore, 98 B.R. at 718-19. However, the Sixth Circuit in Bartlik v. United States Dep't of Labor (In re Bartlik), subsequently concluded that its reasoning in Butcher supporting a "jurisdictional" statute of limitations theory was erroneous. 62 F.3d 163, 166 (6th Cir. 1995).

request, the court granted the extension.  381 B.R. 225, 226-27 (Bankr. W.D.Ky. 2008).[8]

Here, the Trustee timely filed her Motion to Extend before the expiration of the two (2) year deadline and neither Forgosh nor Levy responded.  Defendants can not avoid trustees who seek information, ignore a trustee request to extend the statute of limitations, wait for the limitations period to pass and then, months later after a complaint is filed, claim that the trustee is out of luck.  Given the circumstances, the Trustee showed more than sufficient cause for the Court to extend the deadline, even had the defendants objected. Their failure to respond provides that much more justification for the extension. Accordingly, this Court finds and rules that because the defendants waived their rights by their inaction, the § 546(a) deadline was properly extended, and the Trustee timely filed the Complaint.

Forgosh's challenge to the Trustee's standing to assert the state law claims set forth in the Complaint deserves similar short shrift.  A bankruptcy trustee "has exclusive standing to assert those state law claims that the debtor could have raised as of the commencement of the bankruptcy proceedings."  Feinman v. Lombardo, 214 B.R. 260, 265 (D. Mass. 1997)(citations omitted); see also DiStefano v. Stern (In re J.F.D. Enters., Inc.), 223 B.R. 610, 621 (Bankr. D.Mass. 1998)(stating that "[a]n action seeking damages for harm to a corporation based on the prepetition conduct of its directors or managers becomes the property of the estate upon the filing of a bankruptcy petition.  See 11 U.S.C. § 541(a)(1)

---

[8] The court in Thermoview transferred the case after deciding the motion to alter, amend or vacate the deadline extension.  The successor court, however, employing an independent review, aligned itself wholeheartedly with the reasoning of the prior court in denying the defendant's motion to dismiss which argued the bankruptcy court lacked authority to extend the § 546(a) statute of limitations.  381 B.R. at 229.

(bankruptcy estate includes, inter alia, "all legal or equitable interests of the debtor in property as of the commencement of the case")"). It is true that a trustee does not have the right to prosecute creditors' claims when the cause of action belongs solely to the creditors. Erricola v. Gaudette, et al. (In re Gaudette), 241 B.R. 491, 498 (Bankr. D.N.H. 1999)(citing Caplin v. Marine Midland Grace Trust Co., 406 U.S. 416 (1972) when stating "a trustee in bankruptcy [can] not maintain an action against a third party that could not have been maintained by the debtor."). In that circumstance, the trustee has no standing to assert such claims. Id. (citations omitted). Here, however, the Trustee is bringing the state law causes of action not on behalf of creditors, but on behalf of the Debtor itself and thus well within her exclusive ability to do so.

### III.  CONCLUSION

For the reasons set forth herein, the Court determines that Forgosh and Levy (together with Creative Dental) waived the time deadline set forth in 11 U.S.C. § 546(a), when they failed to respond or object to the Trustee's motion to extend the deadline. Accordingly, the Trustee timely filed the instant adversary proceeding and Forgosh's Motion to Dismiss must be DENIED. That ruling effectively renders Levy and Creative Dental's Motion for Joinder and the Trustee's Second Motion to Strike MOOT.

Separate Orders in conformity with this Memorandum of Decision shall enter herewith.

By the Court,

DATED:    June 11, 2009                    Henry J. Boroff
                                           United States Bankruptcy Court